**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHAD JOHNSON, CASEY** | * | **CIVIL ACTION NO. 2:20-cv-02741** |
| **JOHNSON, JERAMIE BAPTISTE** | * | |
| | * | **JUDGE: GREG G. GUIDRY** |
| **VERSUS** | * | |
| | * | **MAGISTRATE: JANIS VAN MEERVELD** |
| **JAMES RIVER INSURANCE** | * | |
| **COMPANY, RASIER, L.L.C., UBER** | * | |
| **TECHNOLOGIES, INC., AND** | * | |
| **MELVIN DILLON** | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO
EXCLUDE ANY EVIDENCE OF FRAUD OR INTENT TO COMMIT THE SUBJECT
MOTOR VEHICLE ACCIDENT ON THE PART OF PLAINTIFFS**</u>

**NOW COME**, through undersigned counsel, Plaintiffs, Chad Johnson, Casey Johnson and

Jeramie Baptiste who aver that the Court should issue an order excluding any and all mention at

trial and/or to introduce as evidence at trial any evidence of fraud or intent to commit the motor

vehicle accident subject of this litigation, which occurred on February 1, 2019.  Pursuant to Federal

Rule of Civil Procedure 9(b), Defendant, James River Insurance Company, cannot introduce

evidence of fraud or intent on the part of Plaintiffs in coordinating the subject accident given that

Defendant has not made any allegation or asserted any affirmative defense of fraud or intent on

the part of Plaintiff, let alone plead any fraud with particularity.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2019, Plaintiffs were passengers in a vehicle operated by an Uber driver,

when their vehicle was struck by another vehicle that fled the scene of the accident.  As a result of

the accident, Plaintiffs sustained injuries and are currently pursuing personal injury claims

pursuant to the uninsured motorist coverage provided by the policy of insurance that Defendant, James River Insurance Company, issued to Raiser, LLC.

Plaintiffs filed their Petition for Damages in the Civil District Court for the Parish of Orleans. On October 7, 2020, Defendant removed this matter to this Court pursuant to 28 U.S.C. §1332 and 1441. On October 23, 2020, Defendant filed its Answer. (Doc. 6). Nowhere in Defendant's Answer is there any mention of any of the Plaintiffs committing fraud, let alone any particular allegations to aver that the subject accident was a result of Plaintiffs committing fraud, nor any allegation of intent of the Plaintiffs to cause the subject accident.

On January 21, 2021, the Court issued a Scheduling Order. (Doc. 12). The Scheduling Order mandated that all amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than February 19, 2021. To date, Defendant has not filed any pleadings to allege fraud, let alone to allege fraud with any particularity, nor Plaintiffs' intent to cause the accident. Furthermore, on March 29, 2021, the parties filed a Joint Status Report, which required the parties to state a brief description of the factual and legal issues underlying the dispute in Section "4" of the report. (Doc. 14). In Section 4, under the heading "Defendants", Defendant provided its description of the factual and legal issues. The only issue referenced by the Defendant is whether the subject accident caused Plaintiffs' injuries. Finally, Defendant produced its Answers to Plaintiffs' Interrogatories on May 28, 2021 in which Defendant states that it has no evidence that Plaintiffs were at fault in causing the subject accident.[1]

Defendant has never alleged that Plaintiffs fraudulently caused, coordinated the subject motor vehicle accident, or in any way intended for the accident to occur. In fact, Defendant has admitted that it has no evidence of Plaintiffs' causing the accident in any way, let alone

---

[1] See Defendant's Answers to Interrogatories at Answer to Interrogatory No. 3, attached hereto as Exhibit "A".

fraudulently or intentionally.  Additionally, Defendant has not once plead any facts to particularly, or generally for that matter, assert Plaintiffs committed fraud or intended to cause the subject accident.

Defendant conducted the depositions of Plaintiffs for June 17, 2021.  During their depositions, Defense counsel questioned each of the three Plaintiffs at length about topics that can only conceivably be for the sole purpose of establishing that the Plaintiffs were involved in fraudulently coordinating the subject accident.  Such topics include the following:

1. Whether Plaintiffs recognized a list of names of individuals potentially implicated and/or indicted in staging motor vehicle accidents with 18-wheelers;

2. Whether Plaintiffs' cell phone records suggest they spoke with anyone around the time of the accident that would suggest the Plaintiffs fraudulently caused the subject accident; and

3. Whether Plaintiffs fraudulently coordinated other motor vehicle accidents in which they were involved, including specifically a motor vehicle accident involving Plaintiff, Jeramie Baptiste, which occurred on February 1, 2017, and confidential settlement negotiations in connection with any other accidents.

Defendant has failed to make any allegation of fraud or intent of Plaintiffs to commit the subject motor vehicle accident of February 1, 2019, yet Defendant's inquiries appear to seek evidence of fraudulent and intentional activity on the part of Plaintiffs.  For this reason, Plaintiffs file the present Motion to exclude any suggested evidence of any fraud and intent on the part of Plaintiffs that Defendant may be seeking.

## II.    LAW AND ARGUMENT

Rule 9(b) of the Federal Rules of Civil Procedure states:

**Fraud or Mistake; Conditions of Mind.**  In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake.  Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

Because Defendant has not made any allegation of fraud or Plaintiffs' intent to cause the subject motor vehicle accident, it is not an issue in the case and not relevant to any claim or defense.  Thus, Federal Rules of Evidence 401 and 402 preclude the introduction of any such evidence.[2]  Not only would references to fraud be irrelevant, they are also highly prejudicial and confusing to a jury; therefore, they should be excluded pursuant to Federal Rule of Evidence 403.  In particular, the Defendant should be prohibited from attempting to introduce any evidence of or reference to the following at trial:

1. Names of individuals potentially implicated and/or indicted in staging motor vehicle accidents with 18-wheelers;

2. Plaintiffs' cell phone records; and

3. Other motor vehicle accidents in which Plaintiffs were involved, including specifically a motor vehicle accident involving Plaintiff, Jeramie Baptiste, which occurred on February 1, 2017, and confidential settlement negotiations in connection with any other accidents.

## CONCLUSION

For the foregoing reasons, Plaintiffs seek an order from the Court prohibiting the Defendant from attempting to introduce as evidence or reference to evidence that would suggest to the jury

---

[2] *Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *2 (S.D. Miss. July 25, 2008).

that Plaintiffs fraudulently caused the subject motor vehicle accident and any evidence that they

intended to cause or coordinate the subject accident.  This prohibition should explicitly apply to

the following:

1.  Names of individuals potentially implicated and/or indicted in staging motor vehicle

    accidents with 18-wheelers;

2.  Plaintiffs' cell phone records; and

3.  Other motor vehicle accidents in which Plaintiffs were involved, including specifically

    a motor vehicle accident involving Plaintiff, Jeramie Baptiste, which occurred on

    February 1, 2017, and confidential settlement negotiations in connection with any other

    accidents.

Respectfully Submitted,
**THE CHOPIN LAW FIRM LLC**


_____/s/ *Philip D. Lorio IV*_____
JUSTIN M. CHOPIN (La. Bar No. 31100)
PHILIP D. LORIO IV (La. Bar No. 34648)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Justin Direct: 504-229-6681
Phil Direct: 504-517-1673
Facsimile: 504-324-0640
E-mail:Justin@ChopinLawFirm.com
        Phil@ChopinLawFirm.com
*Attorneys for Plaintiffs, Chad Johnson, Casey Johnson, and*
*Jeramie Baptiste*

5